**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| vs. : | CRIMINAL NO. 23-CR-131-WS-B |
| : | |
| **MELISSA DUFOUR,** : | |
| : | |
| Defendant. | |

ORDER ON ARRAIGNMENT

Defendant **MELISSA DUFOUR**, appeared in open court with retained counsel **WILLIAM CAREY ALFORD** on July 25, 2023, and was arraigned in accordance with Fed.R.Crim.P. 10. Appearing for the Government was Assistant United States Attorney **ELIZABETH STEPAN/GEORGE MAY**.

**PLEA**. Defendant entered the plea of **NOT GUILTY**. If there is a request to change this plea, Defendant shall file a Notice of Intent to Plead Guilty[1] no later than the pretrial conference and the case will then be set on a plea docket. If Defendant files a Notice of Intent to Plead Guilty prior to the pretrial conference, the Deputy Clerk will schedule a change-of-plea hearing based on the directions of the District Judge to whom the case is assigned.[2]

**TRIAL**. This action is set for trial during the criminal term of **OCTOBER 2023, with jury selection on OCTOBER 2, 2023 at 8:30 a.m.;** however, the final jury selection and trial schedule will be published by the presiding District Judge no later than the Wednesday prior to the week of jury selection.

---

[1] **The Notice of Intent to Plead Guilty shall reflect the specific count(s) to which the Defendant will plea, and whether there is a plea agreement.**

[2] In those instances where a Notice of Intent to Plead Guilty is filed *prior* to the pretrial conference date, it is not necessary for counsel or the Defendant to appear for the conference.

**DISCOVERY**.  Discovery in this action shall be conducted according to the requirements of SD ALA CrLR 16.  If the United States has not provided the information required by SD ALA CrLR 16(b) at the time of arraignment, a notice shall be filed no later than **July 28, 2023** which identifies the outstanding discovery and provides the anticipated production date.  Disclosures by the defendant, required in CrLR 16(b)(4), shall be accomplished no later than **August 1, 2023**.

**JENCKS ACT STATEMENTS**.  The Government agrees to provide defense counsel with all Jencks Act statements no later than the **day scheduled for the commencement of the trial**.

**PRETRIAL MOTIONS**.  All pretrial motions under Fed.R.Crim.P. 12(b) and (d), 14 and 16 and all notices or demands under Fed.R.Crim.P. 12.1, 12.2, and 12.3, and SD ALA CrLR 12.5 (entrapment), and any motions to compel pursuant to S.D. Ala. CrLR 16(d) must be filed no later than **August 8, 2023**. Pretrial motions filed after this date **must** contain an explanation as to why they were not timely filed and will be considered only if good cause for the tardy filing has been shown. **Any discovery motion not containing the required conferencing certificate will be stricken**. Any motion for limine must be filed no later than **FIVE BUSINESS DAYS AFTER THE FIRST PRETRIAL CONFERENCE HELD IN THIS CASE, September 19, 2023**.  Response to the motion in limine is due no later than **FIVE BUSINESS DAYS AFTER THE MOTION IS FILED**.

PRELIMINARY SENTENCING GUIDELINES INFORMATION.  The United States Probation Officer assigned to this case is Melissa Rankin. Ms. Rankin is directed to prepare and file preliminary guideline sentencing calculations based on the relevant information that is available.  The preliminary report is to be filed no later than two days before the status conference, **August 7, 2023**, so that the parties will have sufficient time to review the report prior to the status conference.  The filing of these preliminary calculations is solely for the purpose of providing the attorneys and defendants with information that may be helpful in analyzing the possible applications of the United States Sentencing Guidelines and in preparing the case for trial or other resolution. Counsel shall be prepared to raise any questions or concerns about the calculations during the status conference.

STATUS CONFERENCE.  This action is scheduled for a status conference on **August 9, 2023**, at **9:00 a.m.**, **BY PHONE** before Magistrate Judge William E. Cassady. **The number for counsel and the defendant [if released on bond] to call-in is 571-353-2301; Guest ID: 002111804.** Defense counsel and lead Assistant United States Attorney are directed to be present **BY PHONE** at the status

2

conference. The attorneys are expected to have conferred with their clients and to have thoroughly reviewed the preliminary report and discovery materials prior to the status conference so as to foster meaningful discussions about the ultimate disposition of the case. The status conference represents a critical stage in the criminal proceedings; thus, personal **attendance by the attorneys and the defendants, including those on bond,** is **mandatory**. When requested, U.S. Probation officer will make arrangements to appear. The date and time of the status conference can be modified only with the approval of the undersigned Magistrate Judge, but in no event will the conference be conducted within seven days prior to the pretrial conference. **If Defendant is in custody, the Marshal is DIRECTED to produce him/her for the status conference.**

In those instances where a Notice of Intent to Plead Guilty is filed *prior* to the status conference date, is not necessary for counsel or the Defendant to appear for the status conference **provided** defense counsel has also executed and filed a Certification of Preliminary Guideline Calculations (Attachment 1) along with the Notice of Intent to Plead Guilty.

**<u>PRETRIAL CONFERENCE</u>**. A pretrial conference is hereby scheduled to be conducted before the undersigned on **September 12, 2023 at 8:30 a.m.** in person in Courtroom 5A. <u>**Lead trial counsel shall attend the pretrial conference and shall be prepared to give a FIRM COMMITMENT at the pretrial conference as to the final disposition of this action**</u>.
Defense counsel and counsel for the Government shall also be prepared to discuss all pending motions and discovery problems, possible stipulations, estimated length of the trial, change of plea, and any other preliminary matters. Defendant may attend this conference, but his/her presence is not required. Counsel who want in-custody defendants to attend must notify the undersigned Magistrate Judge within **three days** of the conference date so that, where necessary, an order to produce can be issued to the United States Marshal.

A request to reschedule the trial term may be presented in a joint motion if the parties agree that due to the nature of the case, more time is needed for discovery and adequate preparation. **Any request for a continuance <u>shall</u> detail the reasons for said request, <u>shall</u> <u>be</u> in compliance with S.D. Ala. CrLR 12(a)(2), and shall <u>be</u> filed AT LEAST <u>ONE</u> DAY before the pretrial conference. If a motion for a continuance is not timely filed, it is deemed waived except in those situations when events occurring** *after* **the pretrial conference require a continuance. A Defendant's continuance request shall include a Speedy Trial Waiver. The Waiver must**

3

**comply with the form attached hereto as "Attachment 2," and must be executed by Defendant and his/her counsel.** No action will be continued unless an appropriate waiver has been timely filed, and good cause has been established.

**MANDATORY APPEARANCE OF COUNSEL.** Counsel of record for all parties are **ORDERED** to appear at all future Court proceedings in this criminal action. Those counsel who find it impossible to attend (especially at the Probation Office conference, pretrial conference, jury selection, or trial) must make arrangements to have substitute counsel appear on behalf of their clients. Any attorney who appears as substitute counsel shall have full authorization from Defendant to act on his or her behalf and be fully prepared to proceed. Substitute counsel shall not be counsel for a co-Defendant unless permitted by the Court on motion by Defendant.

**LOCAL RULES.** All parties are reminded that the Local Rules of this District contain important requirements concerning discovery matters, representation of defendants, and other matters. They are posted on the Court's website, http://www.alsd.uscourts.gov.

**DONE** this the **25th** day of **July, 2023.**

                                            /s/Katherine P. Nelson
                                        **UNITED STATES MAGISTRATE JUDGE**

**ATTACHMENT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **vs.** : | **CRIMINAL NO.** |
| : | |
| : | |
| : | |
| **DEFENDANT.** | |

**CERTIFICATION REGARDING THE PRELIMINARY GUIDELINE
CALCULATIONS OF THE PROBATION OFFICER**

The Court, during the arraignment hearing, directed the United States Probation Officer to prepare preliminary calculations, consistent with United States Sentencing Guidelines, as an aide to the parties' efforts to determine the range of possible sentences that could be imposed should the Defendant be found guilty on any pending charge. It was intended that the Court, the Defendant, Defendant's attorney and the Assistant United States Attorney, would have had an opportunity to examine the report on preliminary calculations prior to the pretrial conference. It was also recognized that the calculations would be based on the Probation Officer's review of the relevant information available to the Probation Officer at the time his report is completed and filed.

The Probation Officer in this action has completed the preliminary guideline calculations and they have been shared with the parties. After receipt and review of these preliminary calculations, counsel certifies to the following:

1. A copy of the Probation Officer's report containing the preliminary guideline calculations has been shown to the Defendant and we discussed the guideline calculations contained in the report;

2. I have provided the Defendant with an independent assessment of the preliminary guideline calculations contained in the report;

3. The Defendant has been given an opportunity to ask questions regarding the preliminary guideline calculations and I have responded to those questions; and

5

     4.    The Defendant was advised that the preliminary guideline calculations contained in the report are based on the Probation Officer's review of the relevant information available to him/her at the time the report was completed and filed, and that the United States Sentencing Guidelines are advisory and do not bind the Court.  Furthermore, the Defendant was also advised that the preliminary guideline calculations might be different from the final calculations in the event he/she is found guilty on any pending charge and a presentencing report is ordered.

     I certify under the penalty of perjury that the foregoing is true and correct on this the _____ day of _____, 2018.

_____
Attorney's Signature

_____
Attorney's Name Printed

Attorney for Defendant _____

ATTACHMENT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **vs.** : | **CRIMINAL NO.** |
| : | |
| _____ : | |
| **DEFENDANT.** : | |

## WAIVER OF RIGHT TO A SPEEDY TRIAL

I understand that I have the right to have my trial commence within the time required by the Speedy Trial Act, 18 U.S.C. §§ 3161-3174, but have elected to have that time period extended.

I, being fully advised of my rights regarding a speedy trial, knowingly, intelligently and voluntarily waive (GIVE UP) my right to a speedy trial. This decision has been made after I:

(A) was advised by my attorney of the reasons for seeking a continuance;

(B) became aware that the time requested in the extension may be excluded from any calculation of time under the Speedy Trial Act; and

(C) with full understanding and knowledge, have agreed to the extension of time to the _____, 20___ trial term. [month]

I certify under the penalty of perjury that the foregoing is true and correct on this the _____ day of _____, 2017.

_____
DEFENDANT'S SIGNATURE

APPROVED BY:

_____
COUNSEL FOR DEFENDANT